IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FKF MADISON GROUP OWNER, LLC, *et al.*,[1] | Case No. 10-11867 (KG) |
| Debtors. | Jointly Administered |
| FKF MADISON GROUP OWNER LLC, JMJS 23RD STREET REALTY OWNER LLC, MADISON PARK GROUP OWNER LLC, AND SLAZER ENTERPRISES OWNER LLC, Plaintiffs, v. FOREST MALL, LLC, Defendant. | Adv. Proc. No. 11-_____ (KG) |

## VERIFIED COMPLAINT FOR
## DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES

FKF Madison Group Owner LLC, JMJS 23rd Street Realty Owner LLC, Madison Park Group Owner LLC, and Slazer Enterprises Owner LLC (collectively, the "Plaintiffs" or the "Debtors"), by their undersigned attorneys file this complaint (the "Complaint") for an injunction against Forest Mall, LLC ("Forest Mall" or "Defendant") and relief for knowing and willful violations of the automatic stay by Defendant, and allege upon knowledge as to their own acts and otherwise upon information and belief as follows:

---

[1] The Debtors, followed by the last four digits of their tax identification numbers, are as follows: FKF Madison Group Owner LLC (6399); JMJS 23rd Street Realty Owner LLC (6651); Madison Park Group Owner LLC (3701); and Slazer Enterprises Owner LLC (4339). The Debtors' mailing address is P.O. Box 49249, Charlotte, NC, 28277.

## NATURE OF THE CASE

1. The Debtors commence this adversary proceeding to protect property of the Debtors' estates and the Debtors' very ability to function as fiduciaries for the benefit of the Debtors' estates and stakeholders.

2. The vote of each of the members of the Debtors' manager is necessary to effectuate a plan of reorganization for the Debtors and any interference with the ability of those members to vote is an impediment to the forward progress of the Debtors' cases.

3. By an action pending in New York state court, Forest Mall, *one of the Debtors' unsecured creditors and an entity managed by one of the Debtors' equity holders*, seeks to prohibit one of the Debtors' critical decision-makers from performing his fiduciary dutiesby participating in the plan process through which the Debtors seek to reorganize and exit bankruptcy. This poses a direct threat of irreparable harm to the Debtors, their estates, property and creditors.

4. Counsel to the Debtors has informed counsel for Defendant that the prosecution of such relief in New York state court violates the automatic stay (the "Automatic Stay") provisions of section 362 of title 11 of the United States Code (the "Bankruptcy Code") and has demanded that the Defendant cease and desist from prosecuting the offending relief.

5. Undeterred, Defendant has refused to terminate its prosecution of the offending action and as such is knowingly and willfully violating the Automatic Stay.

6. To prevent these irreparable harms and mitigate the Defendant's violations of the Automatic Stay, the Debtors bring this action and seek an order of this Court (a) permanently enjoining the Defendant from seeking relief in state court that runs afoul of the Automatic Stay; (b) declaring that the Defendant knowingly and willfully violated the Automatic

Stay; and (c) awarding any damages available under applicable law for Defendant's willful violations of the Automatic Stay, including sanctions, costs, expenses, and attorneys fees.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 in that this action is related to the above-captioned cases commenced under chapter 11 of the Bankruptcy Code.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G) and (O).

9. Venue is proper under 28 U.S.C. § 1409.

10. The statutory predicates for the relief requested herein are §§ 105(a) and 362(a)(1)-(3) of the Bankruptcy Code, as supplemented by Federal Rules of Bankruptcy Procedure 7065, 9014, and 9020.

## THE PARTIES

11. Plaintiff FKF Madison Group Owner LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Charlotte, North Carolina.

12. Plaintiff Madison Park Group Owner LLC ("Madison Park") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Charlotte, North Carolina.

13. Plaintiff JMJS 23rd Street Realty Owner LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Charlotte, North Carolina.

14. Plaintiff Slazer Enterprises Owner LLC ("Slazer Owner") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Charlotte, North Carolina.

15. Defendant Forest Mall LLC is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 100 Route 306, Monsey, New York 10952.

**FACTUAL BACKGROUND**

**A.    Factual Background from the Debtors' Cases**

16. The Debtors are owners as tenants in common of, among other things, a condominium tower located at 23 East 22nd Street in New York City.

17. On June 8, 2010 (the "Petition Date"), involuntary chapter 7 petitions were filed in this Court against each of the Debtors by certain petitioning creditors, thereby commencing the Debtors' involuntary chapter 7 cases (the "Chapter 7 Cases").

18. On November 19, 2010, this Court entered Orders for relief in the Chapter 7 Cases and entered Orders converting the Chapter 7 Cases to cases under chapter 11 of the Bankruptcy Code (*See* D.I. 119).

19. The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

20. Slazer Enterprises, LLC ("Slazer"), a non-Debtor entity, is the sole member of Debtor Slazer Owner and serves as the manager for all of the Debtors.

21. Slazer, in turn, is presently controlled by Green Bridge Capital S.A. (35%) ("Green Bridge"), Special Situation S.A. (by proxy for Marc Jacobs) (32.5%) ("Special Situation" and together with Green Bridge, the "Controlling Members"), and Ira Shapiro (32.5%) ("Shapiro").

22. On December 15, 2010, the Controlling Members initiated Adversary Proceeding No. 10-56158 (KG) in this Court by filing a complaint (the "Control Complaint"). The Control Complaint sought declaratory and injunctive relief providing that Shapiro did not have corporate authority to unilaterally act on the Debtors' behalf.

23. On January 31, 2011, after a lengthy trial in the Adversary Proceeding, the Court issued an order and memorandum opinion (together, the "Control Order") restraining Shapiro from taking further unilateral action in violation of Slazer's and the Debtors' governing instruments (Adv. Pro. 10-56158 D.I. 67). A copy of the Control Order is attached hereto as **Exhibit A**.

24. The Control Order also provided that "Slazer's members must act by a majority for actions on its behalf and by unanimity for Material Actions on Debtors' behalf" and that "[i]t is therefore imperative that the [Controlling Members] and Shapiro enter into negotiations to develop and plan." Control Order at p. 9.

25. Following, entry of Control Order, the Controlling Members and Shapiro heeded the Court's instruction and undertook significant negotiations regarding the prosecution of the Debtors' chapter 11 cases. The Controlling Members and Shapiro quickly reached agreement regarding how to move forward together in the stewardship of these chapter 11 cases, including, without limitation, working to develop and propose a plan of reorganization.

26. In the months since the entry of the Control Order, the forward progress of the Debtors' cases has continued through the efforts of the Controlling Members and Shapiro.

27. As a result of such efforts, on or about September 19, 2011, the Debtors and their prepetition secured lender, One Madison FM, LLC ("OMF") entered into a commitment letter (the "Commitment Letter") that provides a roadmap for the Debtors' exit from these cases,

which includes a competitive bidding process and a potential recovery for the Debtors' unsecured creditors. A copy of the Commitment Letter is attached hereto as **Exhibit B**.

28. The Debtors have prepared, negotiated and filed a plan of reorganization with the Debtors' key stakeholders, while simultaneously initiating a competitive bidding process for a plan of reorganization for the Debtors. The process contemplated by the Commitment Letter provides the Debtors with a reasonable likelihood of a successful reorganization.

29. In the midst of such positive developments, Forest Mall, one of the Debtors' many unsecured creditors and an entity controlled by one of the Debtors' equity holders, has attempted to derail the Debtors' forward progress through a proceeding in New York state court. Forest Mall's efforts are violations of the Automatic Stay and must be terminated immediately.

30. If Forest Mall is not enjoined from obtaining the relief it seeks in state court, the Debtors may become unable to act with respect to a plan of reorganization, throwing these cases back into chaos. Such a result is contrary to the best interests of the Debtors, their estates, and their creditors (ironically, including Forest Mall).

B. **Factual Background Regarding Forest Mall**

31. On or about November 24, 2009, Forest Mall filed a summons, a notice of motion for summary judgment in lieu of complaint, and related papers in the Supreme Court of the State of New York, County of Rockland (the "State Court") against Debtor Slazer Owner, Shapiro, Marc Jacobs, and Slazer thereby initiating the action styled *Forest Mall v. Slazer Enterprises LLC, et al.*, Index No. 12479/2009 (the "State Court Action").

32. By the State Court Action, Forest Mall sought to obtain damages in the amount of $2,037,500 against the defendants in the State Court Action on account of unpaid principal, interest, and late charges allegedly due on account of a promissory note dated

October 16, 2008 and related guarantees. A copy of the summons and pleadings are attached hereto as **Exhibit C**.

33. The pleadings accompanying the summons include an affidavit by Howard Josephs, who is a manager of Forest Mall. Howard Josephs is also a member of Debtor Madison Park.

34. On or about March 19, 2010, the State Court entered an order granting Forest Mall summary judgment in the State Court Action (the "Forest Mall Order"). A copy of the order is attached hereto as **Exhibit D**.

35. On April 21, 2010, the State Court entered a judgment against Debtor Slazer Owner, Slazer, Shapiro, and Marc Jacobs in the amount of $2,234,881.73 (the "Forest Mall Judgment"). A copy of the judgment is attached hereto as **Exhibit E**.

36. On May 7, 2010, counsel to Forest Mall issued a restraining notice to the judgment debtors under the Forest Mall Judgment (the "Restraining Notice"). A copy of the Restraining Notice is attached hereto as **Exhibit F**.

37. The Petition Date in these cases occurred on June 8, 2010 - less than ninety days after the entry of the Forest Mall Order and the Forest Mall Judgment and the issuance of the Restraining Notice.

38. On the Petition Date, the Automatic Stay came into effect to stay, among other things, (a) the continuation of judicial proceedings against the Debtors that were commenced prepetition, (b) any act to recover a claim against the Debtors that arose prepetition, (c) the enforcement of a prepetition judgment against the Debtors or their property, and (d) any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates. *See* 11 U.S.C. § 362(a).

39. Following the Petition Date, Forest Mall sought to enforce the Forest Mall Judgment against certain property of Shapiro and obtained a charging order against Shapiro's membership interest in Slazer. A copy of the charging order is attached hereto as **Exhibit G**.

40. By the Charging Order, the Forest Mall Judgment has attached to Shapiro's economic interest in Slazer. Pursuant to Slazer's formation documents and New York law, Forest Mall does not hold or control Shapiro's management interest in Slazer, including Shapiro's ability to vote on certain matters set forth in the formation documents of Slazer. A copy of Slazer's limited liability company agreement is attached hereto as **Exhibit H**.

41. More recently, on October 12, 2011, Forest Mall presented an order to show cause (attached hereto as **Exhibit I**, the "Order to Show Cause") to the State Court seeking among other things, an order requiring that Shapiro show cause why he should not be held in contempt of court for violating the Restraining Notice and Charging Order by "exercising his 32.5% voting interest in [Slazer] to enter into [the Commitment Letter] so as to cancel and defeat any value arising from that interest which properly should accrue to [Forest Mall] by way of [the Charging Order]" (such provision, the "Contempt Finding"). Order to Show Cause at p. 1-2.

42. The Order to Show Cause also provides that Shapiro shall show cause why an order should not be entered directing Shapiro to produce to Forest Mall a "complete accounting of . . . the finances of any company under his control or management, from the prior three years including, but not limited to, federal and state tax returns, bank statements, investments, real estate holdings, credit and debit card statements and an itemization of any expenditure in excess of $2.000.00" (such provision, the "Discovery Finding" and together with the Contempt Finding, the "Offensive Relief"). Order to Show Cause at p.3.

43. As this Court recognized in the Control Order, the Debtors were under Shapiro's control or management within the three years prior to October 12, 2011.

44. The Debtors' counsel was notified that the proposed Order to Show Cause would be presented to the State Court prior to Defendant's presentation.

45. The Debtors' counsel contacted counsel to Forest Mall prior to the presentation of the proposed Order to Show Cause to discuss the Offensive Relief with Defendant's counsel, including the fact that seeking the Offensive Relief was a violation of the Automatic Stay.

46. On October 11, 2011, Debtors' counsel sent Defendant's counsel a letter reiterating the fact that seeking the Offensive Relief violated the Automatic Stay. A copy of the letter from D. Abbott to P. Freiberg, dated October 11, 2011 is attached hereto as **Exhibit J**.

47. Nevertheless, Defendant's counsel presented the proposed Order to Show Cause to the State Court on October 12, 2011. On the same date, the State Court entered the Order to Show Cause and set a return date for responses in opposition to the proposed order of November 4, 2011. A hearing on the proposed Order to Show Cause is presently set for November 7, 2011.

48. Following the entry of the Order to Show Cause, on October 24, 2011 Debtors' counsel again contacted Defendant's counsel regarding the Debtors' position that seeking the Offensive Relief violates the Automatic Stay.

49. Nonetheless, Defendant's counsel has indicated that it will persist in prosecuting the Offensive Relief.

50. In continuing to seek the Offensive Relief, Defendant is knowingly and willfully violating the Automatic Stay.

# FIRST CAUSE OF ACTION
## (For Violation Of The Automatic Stay Under 11 U.S.C. § 362(a)(1))

51. Plaintiffs re-allege and re-assert the allegations set forth in Paragraphs 1 through 50 as though fully set forth herein.

52. Section 362(a)(1) of the Bankruptcy Code prohibits:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1).

53. The State Court Action was commenced prior to the Petition Date.

54. Slazer Owner is a defendant listed in the caption of the Order to Show Cause.

55. Slazer Owner has not been severed as a defendant in the State Court Action or dismissed from such action.

56. The claims Defendant asserts in the State Court Action which allegedly justify the Offensive Relief sought in the Order to Show Cause arose prior to the Petition Date.

57. Defendant's continued prosecution of the Offensive Relief constitutes an improper continuation of a judicial proceeding against Slazer Owner that was commenced prior to the Petition Date, or an improper attempt to recover a claim against Slazer Owner that arose before the commencement of Slazer Owner's bankruptcy case in violation of section 362(a)(1) of the Bankruptcy Code.

58. Defendant neither sought nor obtained relief from the Automatic Stay prior to continuing to prosecute the Offensive Relief after the Petition Date.

59. Defendant's continued prosecution of the Offensive Relief in the Order to Show Cause constitutes a violation of the Automatic Stay.

## SECOND CAUSE OF ACTION
### (For Violation Of The Automatic Stay Under 11 U.S.C. § 362(a)(2))

60. Plaintiffs re-allege and re-assert the allegations set forth in Paragraphs 1 through 59 as though fully set forth herein.

61. Section 362(a)(2) of the Bankruptcy Code prohibits "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(2).

62. The Forest Mall Judgment was obtained prior to the Petition Date.

63. Slazer Owner is a defendant listed in the caption of the Order to Show Cause.

64. Slazer Owner has not been severed as a defendant in the State Court Action or dismissed from such action.

65. Property of the estate is defined in section 541(a) of the Bankruptcy Code as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

66. The Debtors have legal or equitable interests in property against which Defendant seeks to enforce the Forest Mall Judgment by continuing to prosecute the Offensive Relief.

67. The property which Defendant seeks to enforce the Forest Mall Judgment against includes the Debtors' real property, personal property and business records and is property of the Debtors' estates under section 541(a)(1) of the Bankruptcy Code.

11

68. Defendant seeks to enforce the Forest Mall Judgment against the Debtors and their property by, among other things, holding Shapiro in contempt for exercising his voting rights in Slazer, thereby fulfilling his fiduciary duties to the Debtors' estates as set forth in this Court's Control Order, and seeking discovery of the Debtors' financial records.

69. Defendant's continued prosecution of the Offensive Relief, which seeks, among other things, to inhibit Shapiro from fulfilling his fiduciary duties to the Debtors' estats as set forth in this Court's Control Order by voting his interests in Slazer to support a plan of reorganization for the Debtors and to compel production of the Debtors' financial records, are acts to enforce the Forest Mall judgment against the Debtors or property of the Debtors' estates.

70. Defendant neither sought nor obtained relief from the Automatic Stay prior to continuing to prosecute the State Court Action or the Order to Show Cause after the Petition Date.

71. Defendant's continued prosecution of the Offensive Relief in the Order to Show Cause constitutes a violation of the Automatic Stay.

### THIRD CAUSE OF ACTION
**(For Violation Of The Automatic Stay Under 11 U.S.C. § 362(a)(3))**

72. Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 71 as though fully set forth herein.

73. Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

74. Property of the estate is defined in section 541(a) of the Bankruptcy Code as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

75. The Debtors have legal or equitable interests in property which Defendant seek to obtain or exercise control over by continuing to prosecute the Offensive Relief.

76. The property which Defendant seeks to obtain or exercise control over includes the Debtors' real property, personal property and business records and is property of the Debtors' estates under section 541(a)(1) of the Bankruptcy Code..

77. Defendant seeks to obtain or exercise control over the Debtors' property through, among other things, holding Shapiro in contempt for fulfilling his fiduciary duties to the Debtors' estates as set forth in this Court's Control Order by exercising his voting rights in Slazer and seeking discovery of the Debtors' financial records.

78. Defendant's continued prosecution of the Offensive Relief, which seeks, among other things, to inhibit Shapiro from fulfilling his fiduciary duties to the Debtors' estates as set forth in this Court's Control Order by voting his interests in Slazer in favor of plan of reorganization for the Debtors and to compel production of the Debtors' financial records, are acts to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates in violation of the Automatic Stay of section 362(a)(3) of the Bankruptcy Code.

79. Defendant neither sought nor obtained relief from the Automatic Stay prior to continuing to prosecute the Offensive Relief after the Petition Date.

80. Defendant's continued prosecution of the Offensive Relief constitutes a violation of the Automatic Stay.

### FOURTH CAUSE OF ACTION
(Damages For Willful And Knowing Violation Of The Automatic Stay)

81. Plaintiffs re-allege and re-assert the allegations set forth in Paragraphs 1 through 80 as though fully set forth herein.

82. Defendant was fully aware of the pendency of the Debtors' chapter 11 cases prior to seeking the Offensive Relief in the Order to Show Cause.

83. Despite being aware of the pendency of the Debtors' chapter 11 cases, Defendant has refused to discontinue prosecuting the Offensive Relief and has neither sought nor obtained relief from the Automatic Stay.

84. Defendant has exhibited a brazen disregard for the Automatic Stay.

85. Defendant has continued to act with full knowledge of the pendency of the Debtors' chapter 11 cases by continuing to prosecute the Offensive Relief.

86. Defendant's continued prosecution of the Offensive Relief with full knowledge of the pendency of the Debtors' chapter 11 cases is a knowing and willful violation of the Automatic Stay.

87. The Debtors have suffered damages as a result of Defendant's knowing and willful violation of the Automatic Stay in an amount to be determined at trial.

88. The Debtors are entitled to actual and punitive damages as well as sanctions, costs, expenses and attorneys' fees arising from Defendant's knowing and willful violation of the Automatic Stay.

WHEREFORE, the Debtors hereby respectfully request that this Court enter judgment:

(a) Permanently enjoining Defendant from seeking the Offensive Relief in the State Court;

(b) Declaring that Defendant has violated sections 362(a)(1), 362(a)(2) and 362(a)(3) of the Bankruptcy Code;

(b) Declaring that Defendants' violations of the Automatic Stay were knowing and willful violations of the Bankruptcy Code;

(c) Awarding the Debtors actual and punitive damages, and such interest as may be permitted by law, as a result of Defendant's knowing and willful violation of the Automatic Stay;

(d) Awarding the Debtors' reasonable and necessary attorney's fees to the extent permitted by law;

(e) Awarding the Debtors' their costs and expenses incurred in connection with this action;

(f) Awarding the Debtors' sanctions against Defendant for its knowing and willful violation of the Automatic Stay; and

(g) Granting the Debtors such other and further relief as the Court deems just and proper.

Dated: October 31, 2011
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Erin R. Fay
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
Erin R. Fay (No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

*Counsel for Debtors and Debtors-in-Possession*

4558433.3